IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SANDRA JONES,                         )
                                      )
            Plaintiff,                )
                                      )
      v.                              )  Civil Action No. 02-1637-KAJ
                                      )  Consolidated
STATE OF DELAWARE STATE               )
POLICE, et al.,                       )
                                      )
            Defendants.               )

**MEMORANDUM ORDER**

Plaintiff Sandra Jones ("Jones") filed this consolidated civil rights action pursuant

to 42 U.S.C. §1983, 42 U.S.C. § 1981, and Article III of the U.S. Constitution. (*See* Civ.

No. 02-1637-KAJ, D.I. 3, 4, 34; Civ. No. 03-46-KAJ, D.I. 2, 27.)  She appears *pro se*

and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915 in both cases.

(Civ. No. 02-1637-KAJ, D.I. 6; Civ. No. 03-46-KAJ, D.I. 4.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Jones's complaint and amended complaint in Civ. No. 02-1637-KAJ allege that

Officer William J. Walker ("Officer Walker") and Captain Peter Schwartzkop ("Cpt.

Schwartzkop) of Troop 7 of the Delaware State Police discriminated against her on the

basis of race, in violation of her right to equal protection and due process. (Civ. No. 02-

1637-KAJ, D.I. 3.)  More particularly, she alleges that on August 15, 2002, Officer

Walker and Cpt. Schwartzkop failed to provide her with law enforcement assistance

and refused to enforce the laws of the State of Delaware because she and her son are

African-Americans.  (D.I. 3 at ¶ A.)  Jones alleges the discrimination occurred on two

separate occasions:  following her son's involvement in an altercation, and when

several "Caucasian youth[s]" trespassed upon her property and then threatened to harm her son.  Jones alleges that Officer Walker refused to investigate, refused to speak to eyewitnesses, and indicated there would be a delay in the issuance of his police report.  (*See*, D.I. 3 at ¶¶ 2-5.)  Unhappy with the conduct of Officer Walker, Jones alleges that she contacted the Administrative Office for the Delaware State Police and spoke to Pam Harrison ("Harrison"), secretary to Colonel Aaron Chaffinch ("Col. Chaffinch").  At the time, Col. Chaffinch was the superintendent of the Delaware State Police.  Harrison advised Jones to contact Cpt. Schwartzkop.  (*Id.* at ¶ 7.)

Jones alleges that she spoke to Cpt. Schwartzkop on August 16, 2002, regarding the failure of police department personnel to provide law enforcement assistance.  (*Id.* at ¶ 8)  Jones alleges that at the meeting, she and Cpt. Schwartzkop addressed a number of issues relating to racism towards minorities.  (*Id.* at ¶ 10.)  Plaintiff alleges that "had the exact situation occurred to a Caucasian family, the officers would have responded without delay to apprehend every African American involved."  (*Id.* at ¶ 11.)

Jones further alleges that on October 31, 2002, her son, nephew and their girlfriends were approached by a mob of young Caucasians from the trailer park, who were armed with sticks, chains, razors, and bats.  (*See* D.I. 4 at 1(f).)  She alleges that her son telephoned the police and asked them to go to King's Market to apprehend the youths.  (D.I. 3 at *Continuation of Initial Complaint Dated 26 August 2002*.)  Jones states that she, along with her son, nephew, and their friends, returned to King's Market to witness the occurrence because, as she alleges, the state police officials are "partial to the Caucasian Youth in the Trailer Park".  (*Id.*)  Jones alleges that her son and friends went into King's Market and were attacked by the mob.  (*Id.*)  Jones alleges that

more than twenty youths were involved in the melee, but that only three were arrested.
(*Id.*)  She alleges that the state police intentionally failed to provide for her safety, and
the safety of her children.  (*Id.*)  Jones alleges that the Caucasian youngsters from the
trailer park are uncontrollable since they know that, because of their race, the state
police are on their side.  (*Id.*)  Jones alleges that the foregoing actions violated her right
to equal protection and due process.  (D.I. 3 at ¶ A; D.I. 4 at ¶ 1.)

On January 16, 2003, Jones filed another civil action, Case No. 03-046-KAJ
(later consolidated with 02-1637-KAJ), alleging that criminal charges were filed against
her in retaliation for filing Case No. 02-1637-KAJ.  In No. 03-046-KAJ, Jones alleges
that Officer Donna Dykstra ("Officer Dykstra"), in concert with her superior, Cpt.
Schwartzkop, retaliated against Jones and tried to sabotage Civil Case No. 02-1637-
KAJ.  (Civ. No. 03-46-KAJ, D.I. 2 at 2.)  Jones alleges that the retaliation occurred
following the October 31, 2002, incident at King's Market when Officer Dykstra
attempted to coerce witnesses into making false statements regarding the actions of
Jones on October 31, 2002.  (*Id.* at 3.)  Jones alleges that due to Officer Dykstra's
"witch hunt," on or about December 30, 2002, two individuals made false statements
which led Officer Dykstra to charge Jones with two counts of third degree assault.  (*Id.*
at 3.)  Jones alleges that Officer Dykstra did not consider eyewitness accounts of her
non-involvement, but rather relied upon individuals who provided false and malicious
information.  (*Id.* at 3-5.)  Jones alleges that Officer Dykstra refused to provide her with
a copy of the police report.  (*Id.* at 6.)  Jones alleges that the charges of third degree
assault were brought against her in retaliation for her filing Civil Case No. 02-1637-KAJ.
(*Id.* at 2, 4, 5.)

-3-

Jones also alleges that Officer Dykstra acted in a biased and racially insensitive manner. (*Id.* at 4, 6.)  Finally, Jones alleges that her home was burgled, and that the investigating officer has yet to inform her of the outcome of his investigation. (*Id.* at 6.)

On February 13, 2006, defendants moved to dismiss the consolidated case for lack of prosecution and for failure to respond to orders issued by the Court. (D.I. 46.)  I denied the motion following a discussion of it during a May 17, 2006, conference with the parties. (D.I. 53, 58.)  No other dispositive motions have been filed in the case, discovery is complete, and the parties have submitted their proposed pretrial orders. (D.I. 56, 57, 60, 61, 62.)

## II.    STANDARD

Because Jones proceeds *in forma pauperis*, this Court has the authority to dismiss at any time a claim for relief that is patently deficient. *See* 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2)(B) provides that the Court shall dismiss the case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  This section mandates that a court must "dismiss an *in forma pauperis* claim if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1089 (3d Cir. 1995).

As noted above, this case is nearing trial.  I recently reviewed the consolidated case filed by Jones, and, as mandated by § 1915 (e)(2)(B), I am dismissing several defendants, all the while construing the complaint liberally and drawing all inferences in favor of Jones. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Nami v. Fauver*, 82

-4-

F.3d 63, 65 (3d Cir. 1996); *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir.

1993).


III.     **ANALYSIS**

    A.     **Eleventh Amendment Immunity**

    The complaint in Civil Case No. 02-1637 names the State of Delaware  and the

Delaware State Police as defendants.  "Absent a state's consent, the eleventh

amendment bars a civil rights suit in federal court that names the state as a defendant."

*Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981)(citing *Alabama v. Pugh*, 438

U.S. 781 (1978)(*per curiam*)).  Moreover, the State of Delaware has not waived its

sovereign immunity under the Eleventh Amendment.  *See Rodriguez v. Stevenson,* 240

F.Supp.2d 58, 63 (D. Del. 2002).

    Additionally, the Eleventh Amendment limits federal judicial power to entertain

lawsuits against a State, and in the absence of congressional abrogation or consent, a

suit against a state agency is proscribed.  *See Pennhurst State School & Hosp. v.*

*Halderman*, 465 U.S. 89, 98-100.  Further, a state agency, such as the Delaware State

Police, "is not a person" subject to claims under 42 U.S.C. § 1983.  *See Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 71 (1989).

    The State of Delaware and its state agency, the Delaware State Police, are

immune from suit.  Therefore, I am dismissing them as defendants, pursuant to 28

U.S.C. § 1915(e)(2)(B).

    B.     **Respondeat Superior/Personal Involvement**

    In both Civil Cases No. 02-1637-KAJ and No. 03-46-KAJ, Jones names as

defendants  Aaron Chaffinch, the former superintendent of the Delaware State Police, and  M. Jane Brady ("Brady"), the former attorney general for the State of Delaware. Other than referring to Chaffinch's secretary, the complaints make no reference to Chaffinch.  (Civ. No. 02-1367-KAJ, D.I. 3 at 6.)  Similarly, the complaints contain absolutely no allegations against Brady.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980);  *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)).  Additionally, when bringing a § 1983 claim,  a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights.  *Id.; see  Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978).

It appears that Jones named Chaffinch and Brady as defendants solely based upon their supervisory positions.  As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). " 'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'"  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Supervisory liability may

attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

Here, there is nothing in the consolidated complaint to indicate that either Chaffinch or Brady were the "driving force [behind]" the alleged violations. Moreover, the consolidated complaint does not indicate that these defendants were aware of plaintiff's allegations and remained "deliberately indifferent" to her plight. *Sample v. Diecks*, 885 F.2d at 1118. Finally, Jones does not associate any of her allegations with either Chaffinch or Brady.

The consolidated complaint fails to state a claim upon which relief may be granted as to Chaffinch or Brady. Therefore, I am dismissing them as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

IV.     **CONCLUSION**

Based upon the foregoing analysis, IT IS HEREBY ORDERED, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), that defendants the State of Delaware, the Delaware State Police, Col. Aaron Chaffinch, and M. Jane Brady are DISMISSED, as the consolidated complaint fails to state a claim against them upon which relief may be granted.

_____
UNITED STATES DISTRICT JUDGE

July 11, 2006
Wilmington, Delaware